LEM LEARY v. THE STATE.

No. 4581.    Decided March 20, 1909.

**1.—Murder—Charge of Court—Insanity—Limiting Testimony**

Where, upon trial for murder the defendant relied upon the issues of self-defense and insanity, and there was evidence on the issue of insanity that the defendant had made an assault upon his relatives, it was proper that the court in his charge limited this testimony to the specific issue of insanity.

**2.—Same—Charge of Court—Assuming Facts—Hearsay.**

Upon trial for murder resulting in a verdict for manslaughter, where the court assumed a state of facts which was not proven, the same was reversible error although the testimony upon which such charge was based was hearsay but not objected to by the defense, the same being material.

Appeal from the District Court of Hill. Tried below before the Hon. W. C. Ware.

Appeal from a conviction of manslaughter; penalty, five years confinement in the penitentiary.

The opinion states the case.

*V. L. Shurtleff* and *Morrow & Smithdeal,* for appellant.—On question of charge of court: Briscoe v. State, 27 Texas Crim. App., 193; Stull v. State, 8 S. W. Rep., 1060; Spillman v. State, 38 Texas Crim. Rep., 607; Thomas v. State, 34 Texas Crim. Rep., 481; Davis v. State, 36 Texas Crim. Rep., 548; Pannell v. State, 113 S. W. Rep., 536; Benson v. State, 51 Texas Crim. Rep., 367, 103 S. W. Rep., 911.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of manslaughter, and his punishment assessed at five years confinement in the penitentiary.

Appellant relied upon the issues of self-defense and insanity to exculpate him from this prosecution. In the long and able brief filed by appellant's counsel there is but one insistence upon which he asks for reversal, that is, to the 28th paragraph of the court's charge, which reads as follows: "You can not and must not consider the evidence as to the defendant having assaulted his father or his son-in-law or his son, or as to his slapping his grown daughter as any incriminating circumstances against the defendant in this case, but it was only admitted and can be considered by you only on the issue as to the sanity or insanity of the defendant and can be considered by you for no other purpose and as to whether it tends to show whether he was sane or insane is a question altogether for your consideration." Appellant insists that this charge was error because there was not a syllable of testimony that the appellant had assaulted his father, and further because if there had been such testimony the charge was on the weight of evidence; furthermore, erroneous because the court singled out from the great mass of evidence particular facts prejudicial to the defendant, and called them to the jury's attention, thus indicating to the jury that in the mind of the court, the matters specially called to its attention were of extraordinary weight. In the first place, we do not believe the charge is upon the weight of evidence. These circumstances about the assault upon his father, son-in-law and son and slapping his grown daughter were matters that might be appropriated by the jury to

indicate- the general viciousness and cruel disposition of appellant, therefore, it was proper to limit the testimony to one specific purpose, to wit: insanity. There are other matters proved in this record going to show insanity, or introduced at least for that purpose, not calculated to be so appropriated by the jury, and therefore it was not necessary to limit the other facts, and hence it follows that it was necessary to limit those facts above stated that could be used injuriously to appellant.

Appellant further contends, however, that there is no evidence in this record that appellant assaulted his father or his son-in-law. On this matter the only fact in the record is the testimony of Dr. Pitts, to be found on page 84 of the statement of facts, who on cross-examination by State's counsel, having been introduced by defendant as a witness, testified as follows: "I did hear of the circumstances of Mr. Leary going down into the field before this bullet was in his head with a shotgun to kill his son, who was picking cotton in his own field. That was before the bullet was in his head. I understood that was how he got that bullet in his head. I heard of him getting so mad as to slap his own daughter when she was grown. That was before he had the bullet in his head, and that was some of the evidence on which I based my conclusions of insanity. I do not think that he was at that time just as insane as he was after he got the bullet in his head." We have searched the record in vain for any additional fact upon which the court could predicate the statement that the defendant had assaulted his father or his son-in-law. It will be noted that the testimony of the witness Pitts is hearsay testimony. There is no bill reserved to its admission by appellant, and although hearsay evidence it becomes evidence upon which the court must predicate a charge in the absence of objection thereto, since appellant can not complain of the accuracy of a charge predicated upon the erroneous introduction of evidence. Then we have before us the question as to whether or not the court, in addition to the facts that the evidence suggested insanity, authorized the jury to predicate insanity upon two facts, to wit: assault on his father and his son-in-law, in addition to what the record shows, or does said fact become erroneous and harmful? We say yes. We have in this charge the court not only authorizing the jury to appropriate the fact that appellant attempted to shoot his son and slapped his grown daughter as a basis upon which to find insanity, but in addition to said two facts further authorized the jury to find appellant insane upon two facts not in the record, to wit: assault on his father and son-in-law. We can not say that this evidence was not hurtful to appellant. It was introducing for the consideration of the jury the fact of the assault upon his father and son-in-law, which two facts were not in evidence before the jury which they might appropriate for the harmful purpose of increasing appellant's punishment in this case. The charge must be applicable

to the facts and the court must not in his charge assume a state of facts that was not proven. This was clearly done in this case, as stated above, and we accordingly hold that it probably injured the rights of appellant to such an extent as requires a reversal of this case.

There are no other questions requiring a review, but for the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*